## Case No. 17,189a.

### WARNER v. ROEHR.

Circuit Court, N. D. Illinois. March, 1884.

#### COUNTERFEITING TRADE-MARK.

[One injured by the counterfeiting of his trademark may recover exemplary damages.]

[This was an action on the case by H. H. Warner against Frank Roehr to recover $25,000 damages for counterfeiting trade-marks. The defendant had bought from old junk dealers genuine bottles that had contained Warner's Safe Kidney and Liver Cure, and, filling them with some concoction of his own, affixed a counterfeit label. . The defense attempted to show that the genuine article was sold much below the regular price, the object being to prove that it was on this account, rather than on Roehr's competition, that Warner's sales fell off.] [1]

BLODGETT, District Judge, in instructing the jury, said: The interference with the plaintiff's business, and injury to the public confidence in the genuineness of the article which the plaintiff deals in, by reason of the fact becoming known to the public that the fraudulent and simulated imitation of this medicine had been placed before the public. These are the elements of damage which you are to consider. * * * In cases of this character, where you are satisfied from the proof and from the admissions in the case that the fraud—the intention to defraud—is at the bottom of the matter, * * * the jury are not confined to the exact monetary damages shown by the evidence, but may give what are known as vindictive or exemplary damages, for the purpose of deterring others from embarking in the same scheme of fraud or deception. * * * You are to take into consideration what has been told you in reference to the fact that his (plaintiff's) sales were diminished; that he has apparently lost something; that he was obliged to notify the public of the fact that simulations or imitations of his goods are in the market, and notify them how to detect this simulation. You are to say what, under the circumstances, will compensate the plaintiff, and act as smart money to deter others from embarking in other similar transactions in the future.

There was a verdict for twenty-six hundred and fifty dollars, with costs.

[NOTE. There was also at the same time, in a state criminal court, a case of People of the State of Illinois against Roehr for counterfeiting the trade-marks of H. H. Warner.]

[This case is nowhere more fully reported. The above opinion was taken from Browne, Trade-Marks, §§ 443, 452, and 520. The Chicago Tribune and the Chicago Interocean for March 20, 1884, contain accounts of the trial, from which the information contained in the statement was compiled.]

[1] [See note at end of case.]

## Case No. 17,190.

### WARNER v. The SOUTH AMERICA.

[Betts' Scr. Bk. 275.]

District Court, S. D. New York. Sept. 22, 1853.

#### ADMIRALTY—DAMAGES FOR COLLISION.

[The compensation for injuries to a vessel, caused by a collision, is to be determined by the market price or value of the services of the vessel for the time during which she is detained from her business for repairs.]

A decree had heretofore been rendered in this case in favor of the libellant [Sylvanus Warner] for damages occasioned by collision of the steamboat against his sloop, and a reference made to a commissioner to ascertain and report the amount of damages. The commissioner reported an allowance of $20 per day demurrage for the detention of the sloop from her business while undergoing repairs, upon proof that at the time of the collision she was earning in her business $20 per day. The owner of the steamboat excepted as to the allowance.

HELD BY THE COURT: That the compensation to the injured vessel could not be estimated upon the footing of the profits or earnings she was making per day, or might be supposed capable of making, unless she was under a charter at a stipulated hire. The rule of compensation is the market price or value of the services of the vessel for the time being, and proof should have been taken to determine that price. The owner of the sloop would be entitled to recover such sum in indemnification of his actual loss until the vessel was placed in a condition equal to that when injured. The exceptions allowed, and the report set aside with costs, with an order for re-reference.

Mr. Donohue, for libellant.
H. S. Dodge, for respondent.